

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Robert Taj Moore*  *970 Broad Street, 7th floor*  *973-645-2700*
*Assistant United States Attorney*  *Newark, New Jersey 07102*  *Fax: 973-645-2702*

May 15, 2024

Hon. Leda Dunn Wettre
United States Magistrate Judge
Martin Luther King, Jr. Federal Building
and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:  United States v. Arismendy Ravelo-Santos,
           Crim. No. 21-13022-02

Dear Judge Wettre:

      The United States respectfully submits this letter to respond to Defendant Arismendy Ravelo-Santos's ("Ravelo-Santos" or the "Defendant") May 2, 2024 motion for a bond hearing. See ECF No. 56 ("Def. Br."). Following Ravelo-Santos's motion for bond, the Court invited the Government to submit a written response ahead of the scheduled bond hearing.

      For the reasons outlined below, the Government opposes Ravelo-Santos's motion for a bond hearing and for a bail package because he presents a serious risk of flight that no combination of conditions could sufficiently mitigate.[1] As a result, the Government respectfully requests that the Court deny Ravelo-Santos's motion.

---

[1] While Ravelo-Santos has not cited a specific authority for the motion, the Government presumes the motion was made pursuant to 18 U.S.C. § 3142, and responds accordingly.

## I. Factual and Procedural Overview

On January 26, 2021, the Government charged Ravelo-Santos via criminal complaint with conspiracy to distribute and possess with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and in violation of 21 U.S.C. § 846. See ECF No. 1 ("Criminal Complaint"). The Criminal Complaint outlined that Ravelo-Santos and a co-defendant conspired to distribute and possess with intent to distribute approximately 937.9 grams of heroin. See id. On  January 29, 2021, law enforcement officials arrested Ravelo-Santos and he appeared before Your Honor for an initial appearance on or about the same date. See ECF No. 12. Your Honor granted bail to Ravelo-Santos. Among other things, his bail package included the condition that Ravelo-Santos be confined to home detention with electronic location monitoring in place. See ECF No. 16 ("Initial Bail Conditions Order"). Relatedly, all of Ravelo-Santos's travel was restricted to New Jersey and New York for court-related purposes only. See id.

On February 19, 2021, Your Honor denied Ravelo-Santos's motion to modify the conditions of his release. See ECF No. 22. Additionally, on February 23, 2021, Pretrial Services sent a memorandum to the Court in order to memorialize several violations of   Ravelo-Santos's bail conditions. See February 23, 2021 memorandum re: Ravelo-Santos, attached as Exhibit A). Specifically, Ravelo-Santos violated his home-detention condition when he said he was traveling to one location and then went to several others, all within New Jersey, without Pretrial Services' authorization. See id.

Nevertheless, on July 2, 2021, Your Honor ordered modifications to Ravelo-Santos's bail conditions, including the following two changes: (1) that Ravelo-Santos's home-detention requirement be repealed and replaced with a curfew requirement; and (2) that Ravelo-Santos's travel restrictions be expanded to include travel to New York and Connecticut without prior approval. See ECF No. 31. On August 23, 2021, Ravelo-Santos moved to modify the conditions of his bail again. See ECF No. 35. This time, Ravelo-Santos requested that the Court remove the electronic location monitoring requirement altogether. See id. On August 24, 2021, Your Honor granted Ravelo-Santos's request to remove the electronic-monitoring condition. See ECF No. 36.

On October 8, 2021, Pretrial Services requested a bail review hearing via video conference. See ECF No. 39. As outlined in the petition for action, on or about October 5, 2021, Pretrial Services attempted to conduct a virtual home visit with Ravelo-Santos, who advised Pretrial Services that he was not home but would be later in the evening. See id. The next day, Ravelo-Santos reported that he would not be able to conduct a home visit because he was traveling to Virginia, which Pretrial

Services reminded him he did not have authorization to do. Id. Nonetheless, Ravelo-Santos traveled to Virginia and told the Court that he received permission from his lawyer to travel to Virginia, which his defense counsel later denied. See id. On or about October 8, 2021, Pretrial Services received a call from Customs and Border Protection ("CBP"), in which Pretrial Services learned that Ravelo-Santos was attempting to reenter the United States from the Dominican Republic using passport information Ravelo-Santos previously told Pretrial Services was lost. On October 15, 2021, Your Honor revoked Ravelo-Santos's bail and ordered that he self-surrender to the Hudson County Jail for detention. See ECF No. 40-41. Ravelo-Santos refused to comply with the Court's order and did not surrender to law enforcement.

Law enforcement officials were unable to locate the Defendant for nearly two years. On or about August 15, 2023, law enforcement officials located and arrested Ravelo-Santos. He has been detained since that time.

## II. Applicable Legal Standard

The Bail Reform Act, 18 U.S.C. §§ 3141 et. seq., governs the pre-trial release or detention of a defendant. Under the Act, after a hearing, a defendant must be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

To determine if pre-trial detention is warranted, a court must consider four factors:

1. the nature and circumstances of the offense charged;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including—
    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    4.  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

Under 18 U.S.C. § 3142(f), a detention hearing may be reopened before trial if the judicial officer finds that information exists that was "not known to the movant at the time of the [original bail] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

### III.   Ravelo-Santos Presents a Serious Risk of Flight

In this case, Ravelo-Santos has not provided any new information that has any "material bearing" on the whether there are any conditions of release that would reasonably assure Ravelo-Santos's appearance at trial. 18 U.S.C. § 3142(f). In fact, defense counsel's motion does not reference any new facts at all. See Def. Br. As a result, and on this basis alone, the Court should deny Ravelo-Santos's request for a bail hearing.

Nonetheless, the Court should still deny Ravelo-Santos's request for bail because (1) he presents a serious risk of flight; and (2) Ravelo-Santos has not presented the Court or Pretrial Services with a bail package.

As the factual and procedural background show, Ravelo-Santos has demonstrated a history and pattern of violating the terms of his bail and being dishonest with Pretrial Services when he has done so. For instance:

- In or around February 2021, and as outlined above, Ravelo-Santos told Pretrial Services he was traveling to one place, but he actually traveled to several other places, and not the location he said he was traveling to.

- Then, in or around October 2021, and as explained above, Ravelo-Santos was dishonest with Pretrial Services about his travel plans – saying he intended to travel to Virginia, not receiving authorization to travel, and then traveling anyway. Ravelo-Santos even claimed that his lawyer authorized the trip, which his defense counsel denied. Moreover, it is unclear if Ravelo-Santos even went to Virginia, as CBP ultimately found him at an airport attempting to reenter the United States from the Dominican Republic.

- Finally, on or about October 15, 2021, after this Court revoked his bail and ordered him to self-surrender, he flouted the Court's order and fled. He actively avoided law enforcement for nearly two years before law enforcement officials found and arrested him.

The Court provided multiple opportunities, at varying levels of supervision, for Ravelo-Santos to avoid detention. Whether it was home detention with location monitoring or some lesser set of conditions, Ravelo-Santos repeatedly managed to violate the terms of his bail. But what is most telling is the Defendant's response to this Court's Order to self-surrender – he deliberately ignored the Order and fled to avoid detention. There are few indicators of what a person *will* do that are as reliable as what they *have* done. Here, the Defendant has a demonstrated track record of non-compliance and flight. This is not the conduct of an individual who can be trusted to appear as required. To be clear, there is no combination of conditions that would reasonably assure the defendant's appearance in court for future proceedings. As a result, the Government respectfully requests that the Court deny Ravelo-Santos's motion for bail.

Finally, it is the Government's understanding that Ravelo-Santos has not submitted a bail package for Pretrial Service's review, and, as a result, there is no cognizable package for the Court to consider and rule on. As a consequence, the Court should deny Ravelo-Santos's motion.

## IV.    Conclusion

For the foregoing reasons, the Government respectfully requests that the Court deny Ravelo-Santos's request for pretrial release. Continued detention is necessary, as there are no conditions, or combination of conditions, that will assure Ravelo-Santos's appearance at trial.

Respectfully yours,

PHILIP R. SELLINGER
United States Attorney

By:   Robert Taj Moore
Assistant U.S. Attorney

5